FILED

**Page 1 of 17**

Marilyn Gladle, Pro Se
425 Canon Crest St
Los Angeles, CA 90065
Phone: 323-225-0163

2015 JAN -5 PM 4: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | | |
|---|---|---|
| Marilyn Gladle | § | Case No. _____ BY:____ |
| **Plaintiff** | § | **JURY TRIAL DEMANDED** |
| vs | § | **COMPLAINT FOR CIVIL RIGHTS &** |
| U.S. Department of Veterans Affairs | § | **TITLE VII DISCRIMINATION, AND** |
| **Defendant** | § | **INTENTIONAL VIOLATION THE** |
| Robert A McDonald, Secretary | § | **REHABILATION ACT of 1973** |
| **Defendant** | § | AND MOTION FOR STAY OF |
| Stephen R. Bauman, Acting Director | § | PROCEEDINGS PENDING EEO |
| **Defendant** | § | ADMINISTRATIVE CASES |
| BETTE LANE TURZAN & MARY MOORE | § | 42 USC 1988 - The Civil Rights Attorneys Fees Act |
| **Defendant** | § | *Complaint For Vindication of Civil Rights* |

CV 15 00057 CAS (FFMx)

---

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DISABILITY DISCRIMINATION, AGE DISCRIMINATION, RETALIATION, CIVIL HARASSMENT, HOSTILE WORK ENVIRONMENT, & DISCRIMINATION IN FEDERAL EMPLOYMENT**

## I. *INTRODUCTION - NATURE OF THE CASE*

This civil action is brought by Marilyn Gladle, an American citizen, and federal employee complaining of illegal discrimination practices, Retaliation, and Civil Rights Violations, which acts were perpetrated by the defendants in violation of 42 U.S.C. §2000e-16 and for unlawful employment practices which violate acts prohibited by federal law. Plaintiff further brings this action based on Federal law and schemes to intentionally deprive plaintiff of her civil rights protected under federal law, and for discriminatory terms and conditions of employment. The relief requested includes a declaratory judgment, monetary damages, damages for intentional infliction of emotional distress, damages for civil rights violations, punitive damages, front pay, back pay, attorney fees, court cost and all other costs to make plaintiff whole from defendants corrupt acts.

## II. *JURISDICTION & VENUE*

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Rehabilation Act, 29 U.S.C. §701 et seq. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was employed by the United States Veteran's Administration, in the Central District of California at the time of the complaint. Plaintiff's employment records are maintained by the VETERANS ADMINISTRATION ('VA') in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## III. PARTIES & RELATIONSHIPS

**3. Plaintiff,**        **Marilyn Gladle**        is/are a natural persons residing in this judicial district. Plaintiff is a citizen of the United States and Registered Nurse employed by the Veterans Administration for over 21 years. She is complaining inter alia of extreme civil rights violations discrimination in employment, retaliation in employment, hostile work environment and discriminatory terms and conditions of employment.

**4.**
**Defendant,**    **U.S. Department of Veterans Affairs**        **A U.S. federal employer**
and agency of the United States. At all times pertinent defendant U.S. Department of Veterans Affair ("VA") participated in a scheme to deprive plaintiff of valuable employment benefits. Defendants VA can be served at the following address for service:

**United States Attorney's Office**
**Central District of California**
**312 North Spring Street, Suite 1200**
**Los Angeles, California 90012**

**4.**
**Defendant,**    **Robert A McDonald, Secretary**        **A natural person and Secretary**
of the division of U.S. Department of Veterans Affairs. At all times pertinent defendant was acting in his personal as well as official capacity as Secretary.

**Stephen R. Bauman, Acting Director**
**11301 Wilshire Blvd**
**Los Angles, Ca. 90073**

**4.**
**Defendant,**    **Stephen R. Bauman, Acting Director**    is a natural person and citizen of this state
and eployee of the the U.S. Department of Veterans Affairs. At all times pertinent defendant was acting in his personal as well as official capacity as Secretary. Defendant is a state actor and was acting individually at all times pertinent. Defendant can be served at:

**MARY MOORE**
**11301 Wilshire Blvd**
**Building 208**
**Los Angles, Ca. 90073**

**4.**
**Defendant,** **BETTE LANE TURZAN & MARY MOORE**    are natural persons and citizen of this
state and are employees of the U.S. Department of Veterans affairs. At all times pertinent defendant was acting in his personal as well as official capacity as Secretary. Defendant is a state actor and was acting individually at all times pertinent. Defendant can be served at:

**BETTE LANE TURZAN**
**11301 Wilshire Blvd**
**Building 111B**
**Los Angles, Ca. 90073**

Marilyn Gladle VS U.S. Department of Veterans Affairs

*COMPLAINT FOR DISCRIMINATION & CIVIL RIGHTS VIOLATIONS*

## TABLE OF CONTENTS

I.   *Introduction*..................................................................Page 1

II.  *Jurisdiction and Venue*....................................................Page 1

III. Causes of Action................................................................ Page 3

COUNT 1:
COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
(42 USC §1983) ........Page 3

COUNT 2:
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
(42 USC §1985) .......Page 3

COUNT 3:
CIVIL ACTION FOR NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS
(42 USC §1986). .......Page 3

COUNT 4:
COMPLAINT FOR HOSTILE & ABUSIVE WORKING ENVIRONMENT .......Page 3

COUNT 5:
COMPLAINT FOR RETALIATION
AND CLAIM FOR REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES) .......Page 3

COUNT 6:
COMPLAINT FOR VIOLATION OF THE REHABILATION ACT of 1973,
29 U.S.C. § 710 et seq. .......Page 3

COUNT 7:
COMPLAINT FOR DECLARATORY JUDGMENT
28 U.S.C. §2201 - §2202. .......Page 3

IV.  *Parties & Relationships*................................................... Page 4

V.   *Factual Allegations & Background Information*...............................Page 7

VI.  .........................................................................................Page 8
DEFENDANT UNITED STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED
DEFENDANTS HAVE INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A
MALICIOUS CAMPAIGN TO DEPRIVE PLAINTIFF OF HER CIVIL RIGHTS PROTECTED
UNDER FEDERAL LAW

VII. .........................................................................................Page 9
AS PART OF ITS RETALIATION AND HARRASMENT SCHEMES, DEFENDANT UNITED
STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED DEFENDANTS HAVE
INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A MALICIOUS CAMPAIGN TO
DEPRIVE PLAINTIFF OF HER CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW

VIII. .........................................................................................Page 10
AS PART OF ITS RETALIATION AND CONSPIRACY TO "COVER UP" ITS SCHEMES, DEFENDANT
UNITED STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED DEFENDANTS HAVE
INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A MALICIOUS CAMPAIGN TO DEPRIVE
PLAINTIFF OF HER CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW

IX.  .........................................................................................Page 11
DEFENDANTS CONTINOUS ACTS OF DENIAL OF PROMOTIONS, TRAINING,
AND OTHER VALUABLE EMPLOYMENT OPPORTUNITIES AGAINST PLAINTIFF
AND EMPLOYEES OVER THE AGE OF 40 CONSTITUTES A PATTERN OF AGE
DISCRIMINATION AGAINST PLAINTIFF AND EMPLOYEES OVER THE AGE OF 40

X.   Extreme & Outrageous Conduct.................................................Page 15

XI.  Computation of Damages.........................................................Page 16

XII. Prayer For Relief.................................................................. Page 17

Service of Process ......................................................ATTACHED

Appendix of Exhibits....................................................ATTACHED

## VI.   *CAUSES OF ACTION*

The causes of actions complained of herein, arose out of defendants despicable, fraudulent, extreme and outrageous conduct described herein.

Accordingly,        **Marilyn Gladle**        bring the following causes of actions:

**COUNT 1:**
**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**
**(42 USC §1983)**

**COUNT 2:**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**(42 USC §1985)**

**COUNT 3:**
**CIVIL ACTION FOR NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS**
**(42 USC §1986).**

**COUNT 4:**
**COMPLAINT FOR HOSTILE & ABUSIVE WORKING ENVIRONMENT**

**COUNT 5:**
**COMPLAINT FOR RETALIATION**
**AND CLAIM FOR REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES)**

**COUNT 6:**
**COMPLAINT FOR VIOLATION OF THE REHABILATION ACT of 1973,**
**29 U.S.C. § 710 et seq.**

**COUNT 7:**
**COMPLAINT FOR DECLARATORY JUDGMENT**
**28 U.S.C. §2201 - §2202.**

In addition to the above cause of actions, plaintiff also bringing anation for FRAUD and Negligent Misrepresentation since many of defendants acts and instruments used to commit the above acts were indeed fraudulent in nature.

## V.   *FACTUAL ALLEGATIONS*

**5.1 BACKGROUND INFORMATION:**

5.2 EXHIBIT "A" STATEMENT OF FACTS is incorporated herein by reference as if full setforth herein.

5.3  Plaintiff Marily Gladle, is an American citizen over the age of forty (40), is/was a career federal employee with over twenty-five years of experience before being discriminated by the Department.of Veterans Administration (hereinafter "VA").

5.4   During her employment and at the same time of her defendants failed attempts to terminate her employment the Plaintiff worked as a Registered Nurse within at the Veterans Hospital for over 21 years.

5.5 Since being at employee, defendants have treated her differently from similarly situated employees and was overheard to be setting in motion a plan that would terminate the employment but by fraudulent means

5.6  Plaintiff was being denied employment opportunities, including promotions, pay raises, opportunities for advancement in training,

5.7 During the course of time, and while in the employment of defendants, certain individuals in supervisory positions started to have a distinctive hate for the plaintiff, and subsequently embarked upon a viscous, and malicious campaign that was designed to discriminate, retaliate against the plaintiff, and to deprive her of opportunities that are are being offered to other employees, but not to plaintiff.

5.8. Plaintiff applied for, and was qualified certain for positions but was not selected for the position.

## VI.   *FACTUAL ALLEGATIONS - CON'T*

Page 6 of 17

U.S. Department of Veterans Affairs

Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director

BETTE LANE TURZAN & MARY MOORE

6.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as set forth herein.

6.2  Overtime defendants built up a special "hate" for plaintiff and started treating plaintiff in many disrespectful manners, especially in fair conditions of employment and the VA's hate sooner was fueled by constant denial of employment opportunities and lack of personal and professional respect normally offered by the VA to other employees.

6.3  The name defendants continued to embark on a campaign that would ultimately deprive plaintiff of opportunities as described in Exhibit A, attached herein and made a part hereof.

6.4  After complaining to the appropriate supervisor and individuals responsible for plaintiff, these defendants started to retaliate against plaintiff for the protected activity in which she complained, namely the discrimination complained of herein.

6.5 Defendant even started to discriminate against plaintiff with regards to certain accomodations, and grossly neglected to offer even the most basis accomodations to plaintiff which resulted in hardship and harassment in employment.

6.6  Rather than address the complaints made in Exhibit A, defendants convened in a conspiracy to perpetrate fraud against the plaintiff by filing false progress reports, false employee evaluations, and making negative unsupported comments in report, all of which was done at the malicious detriment of the plaintiff.

Marilyn Gladle VS U.S. Department of Veterans Affairs      *COMPLAINT FOR DISCRIMINATION & CIVIL RIGHTS VIOLATIONS*

## VII. *FACTUAL ALLEGATIONS - CON'T*     Page 7 of 17

The following ***nonexclusive list*** of unlawful acts were committed by the defendants named herein against the plaintiff, and the subject property, in support, and furtherance of the conspiracy and/or violations complained of herein, plaintiff alleges as follows:

## VIII.   FIRST CLAIM FOR RELIEF
### COUNT 1:
## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
### (42 USC §1983)

U.S. Department of Veterans Affairs

Stephen R. Bauman, Acting Director

Robert A McDonald, Secretary

BETTE LANE TURZAN & MARY MOORE

**DEFENDANT UNITED STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED DEFENDANTS HAVE INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A MALICIOUS CAMPAIGN TO DEPRIVE PLAINTIFF OF HER CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW**

1.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A"  as thoughtfully set forth herein.

1.2 Defendant's malicious and unlawful acts have deprived plaintiff of certain rights protected under 42 USC 1983.

1.3   Each one of the defendants are public actor who participated in the acts complained of, which acts have deprived plaintiff of employment opportunities, and other valuable benefits which defendants, and each of them have intentionally deprived the plaintiff of these benefits as a means to harass, to embarrass plaintiff and to as a means of discouraging  plaintiff from apply for such benefits.

## IX.  SECOND CLAIM FOR RELIEF
### COUNT 2:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 USC §1985)

U.S. Department of Veterans Affairs

Stephen R. Bauman, Acting Director

Robert A McDonald, Secretary

BETTE LANE TURZAN & MARY MOORE

AS PART OF ITS RETALIATION AND HARRASMENT SCHEMES, DEFENDANT UNITED STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED DEFENDANTS HAVE INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A MALICIOUS CAMPAIGN TO DEPRIVE PLAINTIFF OF HER CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW

2.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A"  as thoughtfully set forth herein.

2.2   The acts complained of herein constitutes a conspiracy to interfere with civil rights in violation of 42 USC 1985.

2.3 t is specifically alleged herein that the defendants conspired among themselves to violate 28 U.S.C. Sec (3) §1985 by committing the said unlawful and illegal acts against the named plaintiff, including the acts described in Exhibit A..

2.4 The defendants, all of them, went in disguise on the premises of another, for the purpose of depriving directly or indirectly, the plaintiff, of the equal protection of the laws, or of equal privileges and immunities under the laws of the United States of America for the sole purpose of depriving plaintiffs equal protection of Title VII and other state and federal laws.

2.5 Plaintiff further assert that the conspiracies complained of herein also violate conspiracy laws under Title VII of the Civil Rights Acts of 1964, as amended.

2.6 The plaintiff alleged herein that the said conspiracies also constituted civil conspiracies in violation of law.

Marilyn Gladle VS U.S. Department of Veterans Affairs    COMPLAINT FOR DISCRIMINATION & CIVIL RIGHTS VIOLATIONS

# X.  THIRD CLAIM FOR RELIEF

## COUNT 3:
## CIVIL ACTION FOR NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS
## (42 USC §1986).

U.S. Department of Veterans Affairs    Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director    BETTE LANE TURZAN & MARY MOORE

**AS PART OF ITS RETALIATION AND CONSPIRACY TO "COVER UP" ITS SCHEMES, DEFENDANT UNITED STATES VETERAN ADMINISTRATION & THE INDIVIDUAL NAMED DEFENDANTS HAVE INTENTIONALLY, AND MALICIOUSLY EMBARRKED UPON A MALICIOUS CAMPAIGN TO DEPRIVE PLAINTIFF OF HER CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW**

6.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as thoughtfully set forth herein.

6.2  It is specifically alleged that the VA knew or should have known, that it had a responsibility to prevent the interference of plaintiff's civil rights but neglected to do so, in violation of 42 USC 1986.

6.3  Each and every time that plaintiff reported corrupt activity, these defendants, including the supervisors under the plaintiff, ignored the complaints, and rather than address the complaint, they would simply "sweep it under the rug" and proceed to discriminate against the plaintiff.

6.4 The malicious and illegal campaign included but is not limited to:

    1. All of the matters complained of in Exhibit A.

    2. The matters complained of in this complaint,

    3. Disability discrimiantion,

    4. Retaliation for complaining about protected acitivity

    5. Discriminatory terms in promotions and advancement.

    6. Abusive and Hostile Working Environments

## XI. FOURTH CLAIM FOR RELIEF                    Page 11 of 17

## COUNT 4:
## COMPLAINT FOR HOSTILE & ABUSIVE WORKING ENVIRONMENT

U.S. Department of Veterans Affairs              Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director          BETTE LANE TURZAN & MARY MOORE

**DEFENDANTS CONTINOUS ACTS OF DENIAL OF PROMOTIONS, TRAINNING, AND OTHER VALUABLE EMPLOYMENT OPPORTUNITIES AGAINST PLAINTIFF AND EMPLOYEES OVER THE AGE OF 40 CONSTITUTES A PATTERN OF AGE DISCRIMINATION AGAINST PLAINTIFF AND EMPLOYEES OVER THE AGE OF 40**

6.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as thoughtfully set forth herein.

6.2. The foregoing paragraphs are realleged and incorporated by reference herein

6.3. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA.

6.4 The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory act against plaintiff.

6.5 It is specifically alleged that the Defendant VA has committed all of the acts described in previous paragraphs in this complaint and those acts described in Exhibit A attached to this complaint.

## XII. FIFTH CLAIM FOR RELIEF

### COUNT 5:
### COMPLAINT FOR RETALIATION
### AND CLAIM FOR REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES)

**DEFENDANT RETALIATORY ACTS AGAINST THE PLAINTIFF CONSTITUTES RETALIATION, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

U.S. Department of Veterans Affairs

Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director

BETTE LANE TURZAN & MARY MOORE

6.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as set forth herein.

6.2 Once plaintiff started to complain about the discriminatory terms and conditions of employment, she immediately began to experience harassment and retaliation from here supervisors and management.

6.3 These harrassments were in many forms and caused a hostile working environment and existed up until the filing of this lawsuit.

6.4 Plaintiff alleges that the retaliation was reprisals for engaging in protected activity.

## XIII.  SIXTH CLAIM FOR RELIEF

### COUNT 6:
### COMPLAINT FOR VIOLATION OF THE REHABILITATION ACT of 1973,
### 29 U.S.C. § 710 et seq.

**DEFENDANT U.S. DEPARTMENT OF VETERANS ADMINISTRATION AND THE INDIVIDUAL DEFENDANTS ARE LIABLE FOR ITS CONTINOUS FAILURE TO ACCOMODATE PLAINTIFF WITH THE BARE REQUIREMENTS FOR REHALIBATION MANDATED BY THE ACT**

U.S. Department of Veterans Affairs          Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director          BETTE LANE TURZAN & MARY MOORE

6.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as thoughtfully set forth herein.

6.2 Defendants, and each of them, including the VA has discriminated against plaintiff by denying her reasonable accommodation for her disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

6.3 The VA, and the named defendants has conducted themselves intentionally, deliberately, willfully, and in callous disregard of the rights of plaintiff.

6.4 By reason of the VA's discrimination, Plaintiff is entitled to all legal and equitableremedies available under the Rehabilitation Act.

6.5. Attorney fees should be awarded under 29 U.S.C. § 794(a) (1).

## XIV.   SEVENTH CLAIM FOR RELIEF

### COUNT 7:
### COMPLAINT FOR DECLARATORY JUDGMENT
### 28 U.S.C. §2201 - §2202.

**PLAINTIFF IS ENTITLED TO A GENERAL DECLARATORY JUDGMENT DECLARING ALL OF DEFENDANT EVIL AND MALICIOUS ACTS TO BE UNLAWFUL IN FEDERAL EMPLOYMENT**

7.1 Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph and attached Exhibit "A" as set forth herein.

7.2 Plaintiff is entitled to a declaratory judgment declaring all of the said complained of to be unlawful in nature.

7.3  Plaintiff is entitled to separate declaratory judgments for each cause of action complained of herein, declaring the said acts to be illegal in federal employment.

## *EXTREME AND OUTRAGEOUS CONDUCT*

U.S. Department of Veterans Affairs                    Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director                    BETTE LANE TURZAN & MARY MOORE

The preceding paragraphs are incorporated herein by reference.  Plaintiff's reallege, as if fully set forth herein, each allegation above.  Defendant's  fraudulent conduct, the conspiracies,  the embezzlement, the fraud, *forgery*, *grand theft of property*, and other despicable acts constitute **Extreme and Outrageous conduct**, and was ***done with malice***, and with intent to cause knowledge that it would cause, and in fact has caused, ***severe mental and physical distres***s and ***economic loss to the plaintiff***.

Defendant's flagrant, willful disregard for the law, the false deeds, and other false instruments and other despicable conduct, is **Extreme & Outrageous**, and should be punished accordingly, with ***punitive*** and/or exemplary damages.  *Defendants were unjustly enriched.*

Regarding the conspiracy complained of herein, plaintiff asserts that if it is found that one or more or all of the defendants did not actively participate in the said illegal acts and conspiracy, then it is alleged that said defendants had knowledge of the conspiracy, the power to prevent, or aid in the prevention of the conspiracy, and *refused to do so*.

That, in the alternative and in the event that this court finds that there was no conspiracy between the defendants named herein to collectively harass or defraud the plaintiff, plaintiff alleges that one, or more, or *all of the defendants* named herein **independently committed the unlawful acts** described herein, which acts resulted in fraud, theft, *the loss of valuable property rights*, deprivation and violation of plaintiff's rights, privileges, and immunities guaranteed under  state law, Common laws and laws of the State of  **California**

Marilyn Gladle VS U.S. Department of Veterans Affairs

## *PUNITIVE DAMAGES -AGAINST ALL DEFENDANTS*       Page 15 of 17

U.S. Department of Veterans Affairs                Robert A McDonald, Secretary

Stephen R. Bauman, Acting Director               BETTE LANE TURZAN & MARY MOORE

The preceding paragraphs of this complaint are incorporated herein by reference.

Plaintiff's reallege, as if fully set forth herein, each allegation above. Plaintiffs are entitled to punitive or exemplary damages as a matter of law. The many unlawful and unconscious able acts complained of herein, the conspiracies contemplated between the defendants, the wrongful fraud scams, the many conversions complained of, the intentional willful debt harassment, embezzlement, fraud, prosecution of legal action for debts not owed to them, the reckless disregard for law, inter alia, and for other unlawful offenses committed against him including the ppression, the deliberate infliction of mental and emotional distress, physical and mental pain upon him, the wrongful and unjust frivolous collections actions, debt harassment, the reckless, wanton, careless and deliberate disregard for her civil rights, and for other reason at law, Plaintiff are entitled to recover punitive damages, in addition to actual damages. *Defendants and each of them should be punished as a matter of law for the despicable acts complained of herein because defendant's conduct was egregiously invidious and was further done with full knowledge and with the intent to harm the plaintiff*s.

It would serve the public justice to award punitive damages against the defendants, against each of them individually, and collectively.

Marilyn Gladle VS Marilyn Gladle

COMPLAINT FOR DISCRIMINATION & CIVIL RIGHTS VIOLATIONS

## XIV. COMPUTATION OF DAMAGES

**14.1** *As a result of the despicable acts described herein, plaintiff(s)* **Marilyn Gladle**

*is (are) entitled to recover the following damages:*

| | | |
|---|---|---|
| 1. | Punitive Damages | $3,000,000.00 |
| 2. | Actual Damages | $1,000,000.00 |
| 3. | Damages for **FRAUD** | $300,000.00 |
| 4. | Negligent Misrepresentation | $300,000.00 |
| 5. | Intentional Infliction of Emotional Distress & Pain | $500,000.00 |
| 6. | Restitution for Conspiracy | $500,000.00 |
| 7. | Compensatory Damages | $500,000.00 |
| 8. | Treble Damages | $900,000.00 |
| 9. | Embarrassment, Humiliation, & Anxiety | $500,000.00 |
| 10. | Restitution for **UNJUST ENRICHMENT** | $300,000.00 |
| 11. | Restituoin for Unlawful RETALIATION | $300,000.00 |
| 12. | Restitution for CIVIL CONSPIRACY | $250,000.00 |
| 13. | Restitution for Gross Negligence | $500,000.00 |
| 14. | Restitution for FRONT PAY | $2,000,000.00 |
| 15. | Intentional Infliction of PHYSICAL INJURIES | $3,000,000.00 |
| 16. | Tortious Interference With A Contract | $250,000.00 |
| 17. | Restitution for LIBEL and libelous matter in employment files | $500,000.00 |
| 18. | Restitution for Violation of THE REHABILATION ACT of 1973, | $300,000.00 |
| 19. | Restitution for Civil Rights Violations | $1,000,000.00 |
| 20. | Restitution for Disparate Treatement | $300,000.00 |
| 21. | Retitution for BACK PAY | $100,000.00 |
| | Total Damages | $16,300,000.00 |

### SIXTEEN MILLION THREE HUNDRED THOUSAND

## XV  PRAYER FOR RELIEF

**WHEREFORE**, plaintiff(s)          **Marilyn Gladle**          demands judgment against

defendants as follows:

1. Plaintiff's pray for judgment on Claim 1, that the court declare that defendants, and each of them violated plaintiff's civil rights by DEPRIVATION OF CIVIL RIGHTS and also violated 42 USC §1983), and,

2. Plaintiff pray for judgment on Claim 2, that the court declares that defendants, and each of them, conspire to violate and did violate 42 USC §1985 and further wrongfully and unlawfully perpetrated a CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS of plaintiff, and,

3. Plaintiff pray for judgment on Claim 3, that the court declares that defendants, and each of them, violated plaintiff civil rights by its outright NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS  (42 USC §1986) while being employed by the defendants, and.

4. Plaintiff pray for judgment on Claim 4, that the court declares that defendants, and each of them, discriminated against plaintiff because of here AGE, in violation of 29 USC§ 621, et. seq.

5. Plaintiff pray for judgment on Claim 5, that the court declares that defendants, and each of RETALIATED against plaintiff in violation of 42 USC 2000(e),

6. Plaintiff pray for judgment on Claim 6, that the court declares that defendants, and each of them violated THE REHABILATION ACT of 1973, 29 U.S.C. § 710 et seq

7. A Promotion to the highest GS Level Available;

8. Front Pay of $500,000.00

9. A Money Judgment in the full amount of  $28 Million $16,300,000.00,  trebled, plus costs, and interest from the date of judicial demand.

**WHEREFORE, ALL PREMISES CONSIDERED**, Plaintiff  pray that this Honorable Court after due

proceeding, and all legal delays, do enter judgment against the defendants jointly, severely, and in

solido, condeming them all, for the said unlawful acts in the full amount of :   **$16,300,000.00**

### SIXTEEN MILLION THREE HUNDRED THOUSAND

including court cost, attorney fees, interest from the date of judicial demand and for all general and

equitable relief afforded under law.


*Respectfully Submitted*

*Marilyn Gladle, Pro Se*

Marilyn Gladle, Pro Se
425 Canon Crest St
Los Angeles, CA 90065
Phone: 323-225-0163

### JURY TRIAL DEMANDED

**JURY TRIAL:  PLAINTIFF DEMANDS A TRIAL BY JURY.**

Marilyn Gladle vs U.S. Department of Veterans Affairs    Civil Action Number:

## VERIFICATION

I, (we) _____ Marilyn Gladle _____ am/are a plaintiffs in the above-entitled action.

I have read the foregoing complaint and know the contents thereof. The same is true of my own

knowledge, except as to those matters which are therein alleged on information and belief, and

as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration

was executed at ___ January 05  2015 California _____

_____
Marilyn Gladle

DATED: _____ January 05, 2015 _____

IS 44 (Rev. 09/1 1)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
**Marilyn Gladle**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(C)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marilyn Gladle, Pro Se
425 Canon Crest St
Los Angeles, CA 90065
Phone: 323-226-0163
(       )        -

## DEFENDANTS
**U.S. Department of Veterans Affairs**
**Robert A McDonald, Secretary**
**Stephen R. Bauman, Acting Director**
**BETTE LANE TURZAN & MARY MOORE**

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an 'X' in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an 'X' in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT

| CONTRACTS | TORTS | | FORFEITURE PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademarks | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITION** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ Habeas Corpus: | | **FEDERAL STATUTES** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION LAW** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an 'X' in One Box Only)*
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
THE REHABILITATION ACT OF 1973,

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMANDS **$16,300,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

**CV15 - 00057**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No <br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? <br><br>☒ Yes ☐ No <br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? <br><br>☒ Yes ☐ No <br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No <br><br>If "yes," your case will initially be assigned to the SOUTHERN DIVISION. <br><br>Enter "Southern" in response to Question E, below, and continue from there. <br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes ☐ No <br><br>If "yes," your case will initially be assigned to the EASTERN DIVISION. <br><br>Enter "Eastern" in response to Question E, below. <br><br>If "no," your case will be assigned to the WESTERN DIVISION. <br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**   ☑ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**   ☑ NO   ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Marilyn Sledie, Pro Se_   DATE: _1/05/2015_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |