UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-57-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE V. ROBERT MCDONALD | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| George Jones | Not Present |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (Filed 12/04/15)[25]

## I. INTRODUCTION & BACKGROUND

On October 12, 2015, plaintiff Marilyn Gladle, filed a Second Amended Complaint in this action against defendants the United States Department of Veteran Affairs ("Department of Veteran Affairs"), Robert McDonald, as Secretary of the Department of Veterans Affairs ("McDonald"), and Does 1 through 100 (collectively, "defendants"). Dkt. 19.[1] The SAC asserts claims against defendants for: (1) Discrimination—Disability; (2) Retaliation; (3) Denial of Reasonable Accommodation; (4) Harassment; and (5) Failure to Prevent Discrimination, Retaliation, Harassment, and Denial of Reasonable Accommodation. Id.

On December 4, 2015, defendants filed a motion to dismiss plaintiff's case. Dkt. 25. Defendants' motion is based on the grounds that: (a) the SAC does not comply with

---

[1] On November 30, 2015 plaintiff filed a Third Amended Complaint ("TAC") against defendants McDonald and Does 1 through 100. Dkt. 23. However, plaintiff did not request leave of the Court, nor did she obtain defendants' consent, to file her TAC. Accordingly, on December 4, 2015, the Court struck plaintiff's TAC. Dkt. 26. As such, the SAC remains the operative complaint. Moreover, the Court finds that it is appropriate to rule on defendants' motion despite plaintiff's attempt to file a TAC. First, defendants' motion expressly states that it is responsive to both the SAC and the TAC. Second, the TAC appears to suffer from many of the same defects discussed infra with regard to the SAC and, therefore, it may be in the interests of the parties for the Court to address these defects now.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-57-CAS(FFMx) | Date | January 4, 2016 |
| Title | MARILYN GLADLE V. ROBERT MCDONALD | | |

Federal Rule of Civil Procedure 8(a); and (b) plaintiff's claims against the Department of Veterans Affairs and Does 1 through 100 as well as any claims plaintiff may be asserting under the Americans with Disabilities Act ("ADA") should be dismissed for lack of subject matter jurisdiction. Id. On December 18, 2015, plaintiff filed an opposition. Dkt. 27. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

II.   ANALYSIS

    A.   **Failure to Comply with Rule 8**

Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58 (3d ed. 2004). In McHenry, the Ninth Circuit explained the problems posed by complaints that fail to meet the standard of Rule 8(a):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-57-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE V. ROBERT MCDONALD | | |

> different than what they reasonably expected. The rights of the defendants to be free from costly and harassing litigation must be considered.
>
> ***
>
> The judge wastes half a day in chambers preparing the short and plain statement which Rule 8 obligated plaintiffs to submit. He must then manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

84 F.3d at 1777, 1179-80 (internal quotation marks and citations omitted).

    Upon reviewing plaintiff's complaint, the Court finds that plaintiff has failed to comply with Rule 8(a). The SAC begins with 136 numbered paragraphs under the heading "Facts Applicable to All Causes of Action." For the most part, each of these paragraphs alleges that on a particular date during plaintiff's employment with the Department of Veteran Affairs some event occurred. However, it is not clear from reading the SAC how these events relate to or support plaintiff's asserted claims against defendants. See also Pinzon v. Jensen, 2009 WL 231164, at *2 (E.D. Cal. Jan. 30, 2009) ("It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim. If Plaintiff wishes to allege causes of action he must separate each claim and state facts in support of each individual claim. The court will not sift through the complaint and guess which facts go to which claim, or how each defendant relates to each cause of action."); Saunders v. Saunders, 2009 WL 382922, at *2 (E.D. Cal. Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).") (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988)).

    Starting with paragraph 153, plaintiff begins to assert her individual causes of action. However, again plaintiff merely presents a list of alleged events without clearly explaining the basis for her claims. For example, plaintiff asserts a claim for discrimination against defendant, but does not indicate on what basis she was discriminated. And, while at various points in the SAC plaintiff appears to be alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-57-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE V. ROBERT MCDONALD | | |

that she was discriminated against on the basis of a claimed disability, see, e.g., SAC ¶¶ 156, 174, at other points she asserts that she was a member of a protected class and states her race and gender—Caucasian female, SAC ¶¶ 154-55. In fact, throughout her complaint plaintiff fails to specify under what statutes or legal doctrines her claims arise. Given the lack of specificity in her claims, coupled with the SACs voluminous and ambiguous recitation of facts and events, defendants lack "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); see also Mason v. Cnty. of Orange, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Furthermore, even if some of plaintiff's claims are adequately plead, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8[], requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179 (citing Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981)).

In accordance with the foregoing, the Court concludes that plaintiff's complaint has failed to satisfy the requirements of Rule 8, and must accordingly be dismissed without prejudice.

### B. Lack of Subject Matter Jurisdiction

Defendants also argue that the Court lacks subject matter jurisdiction over plaintiff's claims against the Department of Veteran Affairs and Does 1 through 100 as well as any claims plaintiff may be asserting under the ADA. As an initial matter, it appears that defendants argument may have merit. Pursuant to 42 U.S.C. § 2000e-16(c), in a Title VII action the only proper defendant is "the head of the department, agency, or unit, as appropriate," not the agency itself or any individual federal employees. See also Sommatino v. U.S., 255 F.3d 704, 707 n.1 (9th Cir. 2001). And, pursuant to 42 U.S.C. § 12111(5)(B), the United States is expressly excluded from the definition of "employer" under the ADA. Accordingly, the Court may lack jurisdiction over several of plaintiff's claims to the extent they arise under the ADA or Title VII.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-57-CAS(FFMx) | Date | January 4, 2016 |
| Title | MARILYN GLADLE V. ROBERT MCDONALD | | |

Nonetheless, as already stated, in the SAC plaintiff has failed to specify under what statutes or legal doctrines her claims arise. Therefore, at present the Court can only guess as to whether plaintiff's claims in fact arise under these statutes, or whether they arise under another statute under which the Court may have broader jurisdiction. For this reason, the Court declines at this juncture to dismiss any of plaintiff's claims for lack of subject matter jurisdiction. If plaintiff files an amended complaint complying with Rule 8, the parties will be in a better position to assess the Court's subject matter jurisdiction over plaintiff's claims.

### III.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff shall file an amended complaint within **thirty (30) days** complying with the requirements of Rule 8. Failure to do so may result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CL | |