UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 25, 2016, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On January 5, 2015, plaintiff Marilyn Gladle initiated this action against defendants the United States Department of Veterans Affairs ("the VA"), Robert A. McDonald, Secretary of the VA ("McDonald"), and a number of VA employees. Dkt. 1. On August 7, 2015, plaintiff filed a First Amended Complaint naming only the VA and McDonald as defendants. Dkt. 11. Thereafter, the parties entered into a joint stipulation permitting plaintiff to file a Second Amended Complaint. Dkt. 15. Plaintiff filed her Second Amended Complaint on October 12, 2015. Dkt. 19. On November 30, 2015, plaintiff attempted to file a Third Amended Complaint; however, this complaint was stricken by the Court because plaintiff had not been granted leave to file an amendd complaint. Dkt. 23.

On December 4, 2015, defendants filed a motion to dismiss plaintiff's Second Amended Complaint arguing, *inter alia*, that plaintiff had failed to comply with the requirement of Federal Rule of Civil Procedure 8(a) that her complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Dkt. 25. On January 4, 2016, the Court granted defendants' motion without prejudice. Dkt. 28. On February 4, 2016, plaintiff filed the operative Fourth Amended Complaint ("FAC") in this action naming only McDonald as a defendant. Dkt. 29. The FAC asserts claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

against McDonald for: (1) Discrimination – Denial of Reasonable Accommodation; (2) Discrimination – Failure to Engage in Interactive Process; (3) Retaliation – Title VII; (4) Retaliation – 1973 Rehabilitation Act; and (5) Harassment – 1973 Rehabilitation Act. Id.

On March 21, 2016, defendant filed a motion to dismiss the FAC. Dkt. 32. On April 4, 2016, plaintiff filed an opposition, Dkt. 33, and on April 11, 2016, defendant filed a reply, Dkt. 34. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff is an employee of the VA residing in Los Angeles. FAC ¶¶ 1, 4. In January, 2010, plaintiff was diagnosed with permanent physical disabilities in her knees which affected her ability to walk and bend. Id ¶ 6. In her complaint, plaintiff alleges that the VA discriminated against her on the basis of her disability. For example, plaintiff alleges that, on April 27, 2010, her supervisor ordered her "to get under her desk" during a fire drill, despite plaintiff's protests that she would be unable to do so with her knee condition. Id. ¶ 8. Plaintiff also alleges that, on May 6, 2011, she received a letter from the VA offering her a job at a different VA location. Id. ¶ 21. Moving to the new location could have caused exacerbation of plaintiff's disability, but plaintiff alleges she felt intimidated to take the transfer. Id. Plaintiff declined the job offer, but nevertheless was informed, on August 24, 2011, that she had been transferred to a different VA location in West Los Angeles. Id. ¶ 23. In addition, plaintiff claims that one of her supervisors spread rumors at the VA that plaintiff had been falsifying her medical claims. Id. ¶ 24. And, on July 29, 2013, plaintiff claims that another supervisor marked her as being absent from work without permission despite knowledge that plaintiff was recovering from a surgery. Id. ¶ 26.

Plaintiff also alleges that she has filed a number of complaints with the VA. See, e.g., ¶¶ 9, 20, 25. Plaintiff contends that, in addition to discriminating against her on the basis of her disability, defendant retaliated against her for filing these complaints. For example, plaintiff alleges that unspecified individuals at the VA yelled at her in front of patients and staff, spread rumors that she was stealing prescription pads, and falsely reported that her injuries were due to willful misconduct and intoxication. Id. ¶¶ 49, 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

On December 10, 2014, plaintiff filed an informal complaint through the VA's internal grievance process based on the above conduct. Id. ¶ 29. Plaintiff contends that this process reached no resolution. Id. Thereafter, on January 5, 2015, plaintiff initiated the instant action. Dkt. 1.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 8

Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

#### B. Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. ANALYSIS

### A. Federal Rule of Civil Procedure 8(a)

Defendant argues first that the FAC should be dismissed for failure to comply with Rule 8.  As stated above, the Court previously dismissed plaintiff's Second Amended Complaint ("SAC") for failure to comply with Rule 8.  Dkt. 28.  However, compared to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

the SAC, the FAC is significantly shorter and clearly sets forth, in chronological order, the events that form the basis of plaintiff's claims.

Defendant contends that the FAC still fails to clearly identify which factual allegations support each of plaintiff's individual claims. While plaintiff does not always align the factual allegations in the FAC with her individual claims, compared to her previous pleadings, the Court finds that the FAC is not so prolix or convoluted that defendant is unable to discern the basis of plaintiff's claims. In fact, defendant's argument is belied by the fact that, in the remainder of its motion, it has been able to set forth detailed argument as to why the FAC should alternatively be dismissed, on its merits, pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court finds that the FAC sufficiently complies with the requirements of Rule 8.

### B. Plaintiff's First Claim: Discrimination—Denial of Reasonable Accommodation

Plaintiff's first claim is entitled "Discrimination–Denial of Reasonable Accommodation." Plaintiff does not expressly state under which law this claim arises; however, when read in conjunction with the remainder of the FAC and plaintiff's opposition, it appears most likely that this claim arises under the Rehabilitation Act of 1973. "A failure to provide reasonable accommodation can constitute discrimination under section 504 of the Rehabilitation Act." Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002). To state a claim for failure to accommodate a disability, a plaintiff must show that: (1) she is disabled, (2) she is a qualified individual, and (3) that a reasonable accommodation is possible. See Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999). A "reasonable accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

In the FAC, plaintiff alleges that she suffers from a permanent disability in her knees, which affects two of her major life activities—namely, her ability to (1) walk and (2) bend. FAC ¶¶ 6, 31. In addition, plaintiff identifies five distinct incidents in which defendant purportedly failed to make reasonable accommodations for this disability. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

¶¶ 31-35. Nonetheless, plaintiff fails to allege sufficient details regarding any of these incidents to state a claim for failure to accommodate.

At the pleading stage, a plaintiff must, at a minimum, "describe the requested accommodation and allege when and to whom it was made." Abdul-Haqq v. Kaiser Found. Hosps., 2015 WL 335863, at *3 (N.D. Cal. Jan. 23, 2015). In four of the five incidents identified in the FAC, plaintiff fails to allege "when and to whom" she requested an accommodation. See FAC ¶¶ 32-35. Moreover, in three of these incidents, plaintiff states that defendant denied her a reasonable accommodation by: (1) denying her access to her hard drive, Id. ¶ 33; (2) reassigning her to the VA's West Los Angeles campus, Id. ¶ 34; and (3) refusing to provide her with software and a headset, Id. ¶ 35. Yet plaintiff fails to explain how any of these accommodations would have enabled her to perform the essential functions of her job, let alone how they relate to her disability. See also Anaya v. Marin Cnty. Sheriff, 2014 WL 6660415, at *11 (N.D. Cal. Nov. 24, 2014) (dismissing plaintiff's failure to accommodate claim where plaintiff did not identify why requested reasonable accommodations were necessary).

Finally, plaintiff alleges that, on April 27, 2010, during a "non-emergency, routine, mock fire drill," she was instructed to "get under her desk." FAC ¶ 31. In light of her disability, plaintiff asked her supervisor if there was something she could do besides getting under her desk, but her supervisor allegedly denied this request. Id. Nonetheless, as previously noted, "reasonable accommodations" are defined as "modifications or adjustments to the work environment . . . that enable a qualified individual with a disability to perform *the essential functions of that position*." 29 C.F.R. § 1630.2(o)(1)(ii) (emphasis added). In the FAC, plaintiff fails to allege how participating in a "non-emergency, routine mock fire drill" constitutes an "essential function" of her position at the VA. See also 29 C.F.R. 1630.2(n)(1) ("The term 'essential functions' does not include the marginal functions of the position."). Rather, it appears to the Court that the April 27, 2010 incident was more in the nature of an isolated occurrence, unrelated to plaintiff's job duties and responsibilities.

Accordingly, plaintiff has failed to plead the minimal allegations necessary to state a claim for denial of reasonable accommodation under the Rehabilitation Act of 1973. Defendant's motion to dismiss is, therefore, GRANTED as to plaintiff's first claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

### C. Plaintiff's Second Claim: Discrimination—Failure to Enter Into Interactive Process

Plaintiff's second claim is entitled "Discrimination—Failure to Enter Into Interactive Process." Again, while plaintiff has failed to identify expressly under which law this claim arises, it appears most likely that she is asserting a claim under the Rehabilitation Act of 1973. "[O]nce the need for accommodation has been established, there is a mandatory obligation to engage in an informal interactive process to clarify what the individual needs and identify the appropriate accommodation." Vinson, 288 F.3d at 1154 (citations omitted). "This interactive process is triggered upon notification of the disability and the desire for accommodation." Id. Nonetheless, there is no "stand-alone claim for failure to engage in the interactive process." Yonemoto v. McDonald, 114 F. Supp. 3d 1067, 1114 (D. Haw. 2015); see also Barnett v. U.S. Air, Inc., 157 F.3d 744, 752 (9th Cir. 1998) ("We do not agree . . . that an employer can be independently liable for failing to engage in an interactive process."), *vacated on other grounds by* 535 U.S. 391 (2002); Bunn v. Khoury Enters., Inc., 753 F.3d 676, 683 (7th Cir. 2014) (noting that, while the EEOC's regulations may require an employer "to initiate an informal, interactive process with the [employee] to determine an appropriate accommodation, there is no separate cause of action for a failure of that interactive process.") (citations omitted).

Accordingly, plaintiff's second claim for failure to enter into an interactive process is not a viable claim for relief. The Court, therefore, GRANTS defendant's motion to dismiss plaintiff's second claim for relief.

### D. Plaintiff's Third and Fourth Claims: Retaliation in Violation of Title VII and the Rehabilitation Act of 1973

Plaintiff's Third and Fourth claims are for retaliation in violation of both Title VII of the Civil Rights Act and the Rehabilitation Act. The standards for establishing retaliation are the same under both Title VII and the Rehabilitation Act. Brooks v. Capistrano Unified Sch. Dist., 1 F. Supp. 3d 1029, 1035-36 (C.D. Cal. 2014). A plaintiff may establish a prima facie case of retaliation by showing that: "(1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) there exists a causal connection between the protected activity and the adverse employment action." Id. at 1036.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

While not particularly clear on the face of the FAC, it appears that plaintiff is asserting that she was retaliated against after she filed a series of complaints with her employer, the VA.  See FAC ¶¶ 48, 53.  Defendant does not seem to dispute that the filing of these complaints constitutes protected activity.  Moreover, in the FAC, plaintiff has identified at least six purported "adverse employment actions": (1) improperly citing plaintiff as being absent from work when she was recovering from a surgery; (2) failing to investigate allegations of retaliation and harassment by plaintiff's supervisors and coworkers; (3) spreading rumors that plaintiff stole prescription pads and made false EEOC claims; (4) yelling at plaintiff in front of patients and staff; (5) falsely reporting that plaintiff's knee injury was due to willful misconduct or intoxication; and (6) ordering plaintiff to go under her desk during a mock fire drill.  Id. ¶¶ 49, 54.

However, assuming *arguendo* that these incidents constitute "adverse employment actions," plaintiff has failed to allege sufficient facts demonstrating a causal connection between her complaints to the VA and these purportedly adverse employment actions.  Plaintiff states conclusorily that "[d]efendant's motive for retaliation was related to [plaintiff's] participating in the protected activity."  Id. ¶¶ 51, 57.  However, plaintiff alleges no facts regarding the circumstances under which these events occurred.  Moreover, and crucially, plaintiff does not identify *who* engaged in these activities or whether those individuals were even aware that she had filed complaints with the VA.  See also Brooks, 1 F. Supp. 3d at 1037 ("In general, if the decision maker does not have knowledge of the plaintiff's protected activity, there can be no retaliation for engaging in that activity."); Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity.").

Accordingly, the Court finds that plaintiff has failed to state a claim for retaliation under either Title VII or the Rehabilitation Act.  The Court, therefore, GRANTS defendant's motion to dismiss plaintiff's third and fourth claims for relief.

### E.     Plaintiff's Fifth Claim: Harassment in Violation of the Rehabilitation Act

Plaintiff's fifth and final claim is for harassment in violation of the Rehabilitation Act.  A claim for harassment based on disability require the plaintiff to show that: (1) plaintiff is a qualified individual with a disability under the Rehabilitation Act; (2) she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

was subject to unwelcome harassment; (3) the harassment was based on her disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) that defendant knew or should have known of the harassment and failed to take prompt effective remedial action. Ostrofsky v. Dept. of Rehab., 2009 WL 3011578, at *8 (E.D. Cal. Sep. 17, 2009).

In the FAC, Plaintiff bases her harassment claim on virtually the same allegations as her retaliation claims. Plaintiff identifies the same six incidents, this time labeled as "harassing conduct." FAC ¶ 61. But, once again, plaintiff fails to identify who engaged in these specific acts, or whether those individuals were even aware that plaintiff had a disability or had requested an accommodation. In fact, nowhere in the FAC does plaintiff allege, even conclusorily, that she was harassed "based on her disability or a request for accommodation." Moreover, to constitute harassment, conduct must be "sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." Horvath v. Dalton, 1999 WL 13714, at * 9 (N.D. Cal. Jan. 7, 1999). Here, plaintiff alleges only conclusorily that defendant's conduct was "severe." FAC ¶ 62. This is insufficient to state a claim for harassment. See Iqbal, 556 U.S. at 678 ("naked assertion[s]' devoid of further factual enhancement" will not suffice) (citations and internal quotation marks omitted).

Accordingly, plaintiff has failed to state a claim for harassment. The Court, therefore, GRANTS defendant's motion to dismiss plaintiff's fifth claim for relief.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants motion to dismiss the FAC. Plaintiff is hereby granted **twenty-one (21) days**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | April 19, 2016 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal of plaintiff's complaint with prejudice.[1]

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　00  :  00
　　　　　　　　　　　　　　　　Initials of Preparer　　CMJ

---

[1] The Government requests that the Court grant its motion to dismiss with prejudice. However, while plaintiff has had several opportunities to amend her complaint, this is the first time the Court has addressed the merits of plaintiff's claims. Moreover, plaintiff has been proceeding *pro se* for much of the pendency of this action, and has only recently obtained counsel. Accordingly, the Court finds it appropriate to grant plaintiff leave to amend her complaint. Nevertheless, the Court notes that plaintiff has attached a draft Fifth Amended Complaint to her opposition. While plaintiff contends that this draft complaint cures the defects in the FAC, it in fact contains many of the same conclusory and unsupported allegations as the FAC and, likewise, appears to fail to state a claim for relief. Moreover, like many of plaintiff's previous complaints, the proposed Fifth Amended Complaint may not satisfy the requirements of Rule 8. For example, the draft complaint contains long lists of facts without clearly explaining how those facts support plaintiff's individual claims. Thus, the Court cautions plaintiff that merely submitting this proposed Fifth Amended Complaint will likely be considered insufficient to cure the defects noted *supra*.