

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF RESOLUTION MANAGEMENT**
11301 Wilshire Boulevard Building 220, 2nd Floor
Los Angeles, CA 90073

In reply refer to: 08H

December 5, 2017

VIA: UPS

Marilyn Gladle

**SUBJECT: Notice of Final Agency Decision for EEO Complaint No. 200P-0691-2017103863, filed October 3, 2017, against officials of the VA Medical Center in West Los Angeles, CA.**

1. On June 30, 2017, you initiated contact with an EEO counselor. Counseling concluded on August 30, 2017, when you were mailed the *Notice of Right to File a Discrimination Complaint*, which you received on September 18, 2017. On October 3, 2017, you filed a formal complaint of discrimination, VA Form 4939.

2. Your complaint of discrimination[1] raises the following claims:

   A. **Whether complainant was discriminated based on disability and reprisal when on May 2, 2017, complainant received a termination notice signed by James Doelling for Ann Brown, Medical Director dated April 28, 2017. On May 11, 2017, complainant received notice that her termination from federal service was upheld.**

   B. **Whether complainant was discriminated based on disability and reprisal when on May 12, 2017, complainant received a return to duty notice dated May 10, 2017.**

3. EEO regulations require that an employee contact an EEO Counselor within 45 days of the discriminatory act. In this case, the initial contact with an EEO Counselor was on **June 30, 2017**. Therefore, any event occurring before **May 16, 2017** would be untimely. You failed to make initial contact with an EEO Counselor within the 45-day statutory requirement for **the events as raised during counseling and in your formal complaint**. The regulation at 29 C.F.R. 1614.105(a)(1) states that "An aggrieved person must initiate contact with a counselor

---

[1] Complainant raised hostile work environment as a claim, however based on the dates for the events she provided, she was no longer a VA employee when the alleged harassment occurred and therefore did not meet the requirements of a harassment claim. .

**EXHIBIT 3-1**

**Complainant Name:** Marilyn Gladle; **Case No:** 200P-0691-2017103863; **Date Filed:** October 3, 2017

within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action within 45 days of the effective date of the action."

The formal complaint states in item 14, "*If you contacted an EEO Counselor more than 45 calendar days after the dates of occurrence…, you must explain why you were untimely…*"

There was no statement to explain the untimeliness of the initial contact for this event. The agency is only able to waive or extend the time limits for filing a complaint under very limited circumstances.  In your formal complaint you claimed reprisal for prior EEO activities which were filed in 2010, 2011, 2012, 2013 and 2014. This shows that you had knowledge about EEO procedures and filing requirements. Additionally, the record also shows you have taken training which includes the applicability of EEO timelines. Unfortunately, in this case, there is not sufficient basis for the waiving or extending the time limits per EEOC regulations. **Therefore your claims are <u>DISMISSED</u> in accordance with 29 C.F.R. § 1614.107(a)(2) for failing to comply with the regulatory time limits.**

4. For the reasons stated above, this complaint is **<u>DISMISSED</u>** in its entirety. This constitutes the **<u>FINAL AGENCY DECISION</u>** on your complaint.  If you are dissatisfied with this decision, an appeal may be filed in accordance with the attached appeal rights.

5.  Our fax number is (310) 268-4089.  If you have any questions, please contact Carlos Funes, Case Manager, at 310-478-3711 x. 35819.

        Sincerely,

        *Jonathan Shimkus*

        for

        Sophia Eaves
        Pacific District Manager

Enclosure:   Appeal Rights
                EEOC Form 573

cc:   Facility Director
      EEO Program Manager

**EXHIBIT 3-2**

**Complainant Name:** Marilyn Gladle**; Case No:** 200P-0691-2017103863**; Date Filed:** October 3, 2017

**APPEAL RIGHTS**

This final agency decision may be appealed within 30 calendar days of receipt of this decision. If you decide to appeal this decision to EEOC, you should use EEOC Form 573, a copy of which is enclosed. If you file an appeal beyond the above-noted time limit, you should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If you cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

| | |
|---|---|
| The appeal should be mailed to: | Equal Employment Opportunity Commission (EEOC)<br>Office of Federal Operations<br>P.O. Box 77960<br>Washington, DC  20013 |
| Or hand delivered to: | Equal Employment Opportunity Commission<br>Office of Federal Operations<br>Appellate Review Programs<br>131 M Street, NE, Suite 5SW12G<br>Washington, DC  20507 |
| Or sent by fax to: | (202) 663-7022 |

A copy of your appeal to the EEOC must also be sent to the VA Office of General Counsel at the following address. Statements or briefs in support of your appeal must be submitted to the EEOC within 30 calendar days of the filing of the appeal. Copies of any such statements or briefs, including any made on EEOC's "Appellant Docketing Statement," must also be sent to the VA Office of General Counsel. Your appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA Office of General Counsel.

| You must send a **copy** of your appeal to: | You must send a **copy** of your appeal to the Regional EEO Officer at: |
|---|---|
| Department of Veterans Affairs<br>Office of General Counsel (024)<br>810 Vermont Avenue, NW<br>Washington, DC  20420 | Department of Veterans Affairs<br>Office of Resolution Management (08H)<br>11301 Wilshire Boulevard<br>Building 220, 2nd Floor<br>Los Angeles, CA 90073 |

**RIGHT TO FILE A CIVIL ACTION**

You have the right to file a civil action in an appropriate United States District Court. A civil action may be filed:
- Within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or,
- If an appeal is filed with the EEOC, within 90 days after receipt of EEOC's final decision on your appeal; or,
- After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

If you file a civil action, the court may, at its discretion and upon your request, appoint an attorney to represent you in the matter, if you do not have or cannot afford one. The court may also authorize the civil action to begin without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date of receipt of this final agency decision or, if this decision is appealed to the EEOC, within NINETY (90) CALENDAR DAYS of the date of receipt of the EEOC's final decision on the appeal.

Additionally, if you file a civil action, you must name **David J. Shulkin, M.D., Secretary of Veterans Affairs**, as the defendant. Failure to provide the name and official title of the head of the Department may result in the dismissal of your case.

**EXHIBIT 3-3**