# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**     **(IN CHAMBERS) -** PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT (Dkt. 65, filed May 25, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of August 6, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On January 5, 2015, plaintiff Marilyn Gladle initiated this action against defendants the United States Department of Veterans Affairs ("the VA"), Robert A. McDonald, as Secretary of the VA ("McDonald"), and a number of VA employees. Dkt. 1. On August 7, 2015, plaintiff filed a First Amended Complaint naming only the VA and McDonald as defendants. Dkt. 11. Thereafter, the parties entered into a joint stipulation permitting plaintiff to file a Second Amended Complaint. Dkt. 15. Plaintiff filed her Second Amended Complaint on October 12, 2015. Dkt. 19. On November 30, 2015, plaintiff attempted to file a Third Amended Complaint; however, this complaint was stricken because plaintiff had not been granted leave to file the complaint. Dkt. 23.

On December 4, 2015, defendants filed a motion to dismiss plaintiff's Second Amended Complaint arguing, *inter alia*, that plaintiff had failed to comply with the requirements of Federal Rule of Civil Procedure 8(a). Dkt. 25. On January 4, 2016, the Court granted defendants' motion without prejudice. Dkt. 28. On February 4, 2016, plaintiff filed a Fourth Amended Complaint in this action naming only McDonald as a defendant. Dkt. 29. On March 21, 2016, McDonald filed a motion to dismiss the Fourth Amended Complaint, Dkt. 32, which the Court granted without prejudice on April 19, 2016, Dkt. 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

On May 10, 2016, plaintiff filed the operative Fifth Amended Complaint ("FAC") against McDonald. Dkt. 36. In the FAC, plaintiff asserted claims against McDonald for: (1) Discrimination—Denial of a Reasonable Accommodation; (2) Retaliation; and (3) Harassment. Id. Plaintiff asserted each of these claims pursuant to the Rehabilitation Act of 1973. Id. On May 23, 2016, McDonald filed a motion to dismiss the FAC, Dkt. 37, which the Court granted with prejudice on June 27, 2016, Dkt. 41.

On July 26, 2016, plaintiff filed a notice of appeal of the Court's June 27, 2016 order to the Ninth Circuit. Dkt. 43. On November 2, 2017, the Ninth Circuit in a memorandum of disposition affirmed in part, reversed in part, and remanded to this Court for further proceedings. Dkt. 45. The Ninth Circuit concluded that the Court properly dismissed plaintiff's claims for retaliation and harassment, but reversed the dismissal of plaintiff's reasonable accommodation claim. Id. The Ninth Circuit reasoned that the alleged failure to participate in the interactive process in response to plaintiff's reasonable accommodation request during an emergency drill was sufficient to state a claim under the Rehabilitation Act. Id. On December 27, 2017, the Ninth Circuit's mandate took effect. Dkt. 51. Defendant filed an answer to the FAC on January 29, 2018. Dkt. 53.

On May 25, 2018, plaintiff filed a motion for leave to file a supplemental complaint against Peter O'Rourke, Acting Secretary of the VA,[1] pursuant to Federal Rule of Civil Procedure 15(d).[2] Dkt. 65 ("Motion"). On July 16, 2018, defendant filed an opposition. Dkt. 68 ("Opp'n"). Plaintiff filed a reply on July 23, 2018. Dkt. 71 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Plaintiff's FAC

Plaintiff alleges that she is an employee of the VA residing in Los Angeles. FAC ¶¶ 1, 4. Plaintiff suffers from a permanent physical disability in her knees that affects her ability to walk and bend; plaintiff alleges that, as a result of her disability, the VA

---

[1] Peter O'Rourke became Acting Secretary of the VA on May 30, 2018, and pursuant to Federal Rule of Civil Procedure 25(d), is substituted as defendant in this action.

[2] The Court's scheduling order set May 25, 2018 as the deadline for requesting leave to file amended pleadings. See Dkt. 62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

discriminated against her. Id. ¶ 6. For example, plaintiff alleges that, on April 27, 2010, a supervisor ordered her "to get under her desk" during an emergency drill, despite plaintiff's protests that she would be unable to do so with her knee condition. Id. ¶ 8.

Plaintiff also alleges that she has filed a number of complaints with the VA—which constituted protected activity—and that defendant retaliated against her for filing these complaints. Id. ¶ 69. Plaintiff alleges that unspecified individuals at the VA failed to take the necessary steps to ensure that she would receive a pay increase, id. ¶ 89, improperly completed her performance evaluations, id. ¶¶ 84, 86, and falsely reported that her injuries were due to willful misconduct and intoxication, id. ¶ 78.

### B.     Plaintiff's Proposed Supplemental Complaint

Plaintiff re-alleges that she engaged in protected activity on numerous occasions between July 2010 and the present. Motion & Ex. 65–1 ¶ 40. Plaintiff alleges that she made charges, testified, or participated as an Equal Employment Opportunity ("EEO") claimant; filed a union grievance against defendant; and initiated and prosecuted a civil lawsuit against defendant. Id. Following the April 27, 2010 emergency drill incident alleged in the FAC, and as a result of work-related injuries, plaintiff alleges that she underwent multiple surgeries to her knees, hip, and shoulder. Id. ¶¶ 21–22. Defendant then placed plaintiff on leave without pay in April 2016 for the duration of plaintiff's temporary permanent disability status. Id. ¶¶ 23–24.

Plaintiff alleges that on April 28, 2017, while she was still on leave without pay, the VA's Medical Center Director issued plaintiff a notice of termination of plaintiff's employment for her purported failure to maintain a current nursing license. Id. ¶ 27. Plaintiff asserts that despite her correspondence thereafter and proof of her valid nursing license, defendant's labor relations supervisor told her that due to her excessive absences, plaintiff would be subject to "separation from Federal service" if she did not return to work on a full time basis by May 22, 2017. Id. ¶ 32. Plaintiff also alleges that on May 15, 2017, she received a "post-separation review" letter confirming that her employment had been terminated. Id. ¶ 34. Plaintiff alleges that she challenged this termination in writing on May 15, 2017. Id. ¶ 35.

Plaintiff alleges that she "timely invoked" informal counseling by contacting the VA's Office of Resolution Management, and that on October 2, 2017, plaintiff "timely filed" a formal EEO complaint with the VA Office of Resolution Management. Id. ¶ 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

In her formal complaint, plaintiff asserted claims for disability discrimination, retaliation, failure to promote, failure to accommodate, and wrongful termination. Id. Plaintiff alleges that more than 180 days have passed since defendant received plaintiff's formal complaint, and that defendant has failed to respond or issue a decision. Id. ¶ 37.

Based on the foregoing allegations, plaintiff asserts claims for (1) retaliation in violation of the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. § 12100 et seq. ("ADA"); (2) disability discrimination in violation of the Rehabilitation Act; and (3) discrimination in denying reasonable accommodation in violation of the Rehabilitation Act.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(d) permits a party, upon reasonable notice, "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). "The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a)." Frederick v. California Dept. of Corrections and Rehabilitation, 2012 WL 2077305, at *2 (N.D. Cal. 2012).

With respect to the standard required by Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is requested, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

## IV. DISCUSSION

Plaintiff contends that the Court should grant the instant motion insofar as the facts and occurrences giving rise to plaintiff's new claims occurred after the filing of the FAC, yet are so related to the FAC's claims that they form part of the same continuing case or controversy. Motion at 3. Plaintiff argues that, with respect to undue delay, lack of notice, undue prejudice, bad faith, or futility of amendment, none of these factors weigh against granting leave to file the proposed complaint. Id. at 3–5.

Defendant argues that leave to file plaintiff's supplemental complaint should be denied because plaintiff did not initiate EEO counseling within 45 days of the alleged April 28, 2017 wrongful termination, and because plaintiff failed to appeal the Office of Resolution Management's December 5, 2017 decision concerning her EEO complaint within 90 days. Opp'n at 6–7. Defendant contends that plaintiff's proposed supplemental claim under the ADA would be subject to dismissal because federal agencies are not "employers" subject to the ADA. Id. at 7. Defendant further contends that leave should not be granted insofar as plaintiff now attempts to assert multiple claims concerning her alleged termination from federal service only three months before the close of discovery. Id. at 7–8. Defendant argues that these claims would "dramatically transform the nature of this action." Id. at 8.

As an initial matter, plaintiff clarifies in reply that the proposed complaint's three claims arise under the Rehabilitation Act. Reply at 8–9. Accordingly, the Court need not address defendant's sovereign immunity argument as to an asserted claim under the ADA.

With respect to whether plaintiff's claims are time-barred or unexhausted, and are therefore futile, the Court would benefit from full briefing and a more robust record rather than the limited argument and evidence the parties have provided. This conclusion is particularly warranted in light of plaintiff's declaration, in which she clarifies that she timely filed her June 30, 2017 informal EEO complaint within 45 days of her *May 17, 2017* receipt of notice of her employment termination, pursuant to the 45-day deadline imposed by 29 C.F.R. § 1614.105(a)(1). See Dkt. 71–1, Declaration of Marilyn Gladle ("Gladle Decl.") ¶¶ 4–7. Furthermore, plaintiff asserts that she never received the December 5, 2017 decision concerning her formal EEO complaint, and that plaintiff's search of the tracking number—which was only recently provided to plaintiff by defendant—on the United Parcel Service website revealed that "the package had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(FFMx) | Date | August 6, 2018 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

sent back to the sender undelivered." See Dkt. 71–1 Gladle Decl. ¶¶ 18–22. Plaintiff argues that, as a consequence, the 90-day statutory period for challenging a final decision pursuant to 42 U.S.C. § 2000e-16(c) never commenced running, and plaintiff asserts that she properly moved to file the proposed supplemental complaint after waiting 180 days from the October 2, 2017 filing of the formal EEO complaint. Reply at 6. In light of the foregoing, plaintiff's new claims are not obviously time-barred, and the timeliness of plaintiff's underlying EEO complaints and exhaustion of her claims are issues appropriately resolved on a more developed factual record.

As to prejudice, defendant contends that granting leave to file the supplemental complaint will delay resolution of this case and thus prejudices defendant in a case that is already many years old. However, any prejudice to defendant from delayed resolution of this matter is outweighed by the potential for resolving plaintiff's Rehabilitation Act claims—all allegedly premised on one concerted "pattern and practice" of defendant's alleged discriminatory conduct—without a separate action. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (noting Rule 15(d), like the rest of the Rules, should be read to "minimize technical obstacles to a determination of the controversy on its merits"). Accordingly, in the absence of apparent bad faith, undue delay, prejudice, or futility of the proposed claims, the Court **GRANTS** plaintiff's motion for leave to file the proposed supplemental complaint.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiff's motion for leave to file the proposed supplemental complaint. Plaintiff may file the supplemental complaint on or before **August 10, 2018**.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |