| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) -** DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED SUPPLEMENTAL COMPLAINT (Dkt. 89, filed December 4, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of March 25, 2019 is vacated.

## I. INTRODUCTION

On January 5, 2015, plaintiff Marilyn Gladle initiated this action against defendants the United States Department of Veterans Affairs ("VA"), Robert A. McDonald, as Secretary of the VA ("McDonald"), and a number of VA employees. Dkt. 1. On August 7, 2015, plaintiff filed a First Amended Complaint naming only the VA and McDonald as defendants. Dkt. 11. Thereafter, the parties entered into a joint stipulation permitting plaintiff to file a Second Amended Complaint. Dkt. 15. Plaintiff filed her Second Amended Complaint on October 12, 2015. Dkt. 19. On November 30, 2015, plaintiff attempted to file a Third Amended Complaint; however, this complaint was stricken because plaintiff had not been granted leave to file the complaint. Dkt. 23.

On December 4, 2015, defendants filed a motion to dismiss plaintiff's Second Amended Complaint arguing, *inter alia*, that plaintiff had failed to comply with the requirements of Federal Rule of Civil Procedure 8(a). Dkt. 25. On January 4, 2016, the Court granted defendants' motion without prejudice. Dkt. 28. On February 4, 2016, plaintiff filed a Fourth Amended Complaint in this action naming only McDonald as a defendant. Dkt. 29. On March 21, 2016, McDonald filed a motion to dismiss the Fourth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

Amended Complaint, dkt. 32, which the Court granted without prejudice on April 19, 2016, dkt. 35.

On May 10, 2016, plaintiff filed the operative Fifth Amended Complaint against McDonald. Dkt. 36 ("FAC"). In the fifth amended complaint, plaintiff asserted claims against McDonald for: (1) Discrimination—Denial of a Reasonable Accommodation; (2) Retaliation; and (3) Harassment. Id. Plaintiff asserted each of these claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Id. On May 23, 2016, McDonald filed a motion to dismiss the fifth amended complaint, dkt. 37, which the Court granted with prejudice on June 27, 2016, dkt. 41.

On July 26, 2016, plaintiff filed a notice of appeal of the Court's June 27, 2016 order to the Ninth Circuit. Dkt. 43. On November 2, 2017, the Ninth Circuit in a memorandum of disposition affirmed in part, reversed in part, and remanded to this Court for further proceedings. Dkt. 45. The Ninth Circuit concluded that the Court properly dismissed plaintiff's claims for retaliation and harassment, but reversed the dismissal of plaintiff's reasonable accommodation claim. Id. The Ninth Circuit reasoned that the alleged failure to participate in the interactive process in response to plaintiff's reasonable accommodation request during an emergency drill was sufficient to state a claim under the Rehabilitation Act. Id. On December 27, 2017, the Ninth Circuit's mandate took effect. Dkt. 51. Defendant filed an answer to the fifth amended complaint on January 29, 2018. Dkt. 53.

On May 25, 2018, plaintiff filed a motion for leave to file a supplemental complaint against Peter O'Rourke, the Acting Secretary of the VA at that time, pursuant to Federal Rule of Civil Procedure 15(d). Dkt. 65. The Court granted plaintiff's motion, dkt. 73, and on September 10, 2018, plaintiff filed a supplemental complaint against Robert Wilkie, Secretary of the VA,[1] dkt. 76. On September 24, 2018, defendant filed a motion to dismiss plaintiff's supplemental complaint on the basis that plaintiff's claims were barred due to failure to exhaust her administrative remedies and file a civil action within the regulatory time limits. Dkt. 85 ("MTD Order") at 5. The Court granted defendant's motion with leave to amend.

---

[1] Robert Wilkie became Secretary of the VA on July 30, 2018, and pursuant to Federal Rule of Civil Procedure 25(d), is substituted as defendant in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

On November 21, 2018, plaintiff filed her first amended supplemental complaint. Dkt. 88 ("FSC"). On December 4, 2018, defendant filed a motion to dismiss plaintiff's first amended supplemental complaint. Dkt. 89 ("Mot."). On January 2, 2019, defendant filed an ex parte application to stay the case pending the lapse of appropriations, dkt. 90, which the Court granted the same day, dkt. 91. The Court subsequently rescheduled the hearing on defendant's motion to dismiss to March 25, 2019. Dkt. 92. Plaintiff filed an opposition on March 4, 2019. Dkt. 93 ("Opp'n"). The government filed a reply on March 11, 2019. Dkt. 96 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Plaintiff's Fifth Amended Complaint

Plaintiff alleges that she is an employee of the VA residing in Los Angeles. FAC ¶¶ 1, 4. Plaintiff suffers from a permanent physical disability in her knees that affects her ability to walk and bend; plaintiff alleges that, as a result of her disability, the VA discriminated against her. Id. ¶ 6. For example, plaintiff alleges that, on April 27, 2010, a supervisor ordered her "to get under her desk" during an emergency drill, despite plaintiff's protests that she would be unable to do so with her knee condition. Id. ¶ 8.

Plaintiff also alleges that she has filed a number of complaints with the VA—which constituted protected activity—and that defendant retaliated against her for filing these complaints. Id. ¶ 69. Plaintiff alleges that unspecified individuals at the VA failed to take the necessary steps to ensure that she would receive a pay increase, id. ¶ 89, improperly completed her performance evaluations, id. ¶¶ 84, 86, and falsely reported that her injuries were due to willful misconduct and intoxication, id. ¶ 78.

### B. Plaintiff's First Amended Supplemental Complaint

Plaintiff re-alleges that she engaged in protected activity on numerous occasions between July 2010 and the present. Plaintiff made charges, testified, or participated as an Equal Employment Opportunity ("EEO") claimant; filed a union grievance against defendant; and initiated and prosecuted a civil lawsuit against defendant. FSC ¶ 20. Following the April 27, 2010 emergency drill incident alleged in the first amended complaint, and as a result of work-related injuries, plaintiff underwent multiple surgeries

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

to her knees, hip, and shoulder. Id. ¶¶ 21–22. Defendant then placed plaintiff on leave without pay in April 2016 for the duration of plaintiff's temporary permanent disability status. Id. ¶ 24.

On April 28, 2017, while she was still on leave without pay, the VA's Medical Center Director issued plaintiff a notice of termination of plaintiff's employment for her purported failure to maintain a current nursing license. Id. ¶ 27. This notice stated that plaintiff would be "separated effective upon receipt of this notification," but notified plaintiff of her right to seek a post-separation review. Id. Ex. A. Plaintiff received defendant's termination letter on May 2, 2017, and on May 3, 2017, plaintiff sent a letter to defendant explaining that her nursing license was "filed timely in accordance with the California Board of Registered Nursing" and that her license was "active, full, and unrestricted until 4/30/2019." Id. ¶ 31, Ex. B. At this time, plaintiff alleges that she "reasonably believed that bringing to the attention of Defendant the obvious error would remedy the situation in full . . ." Id. ¶ 31.

Plaintiff asserts that after providing defendant with proof of her valid nursing license, defendant's labor relations supervisor sent plaintiff a letter on May 10, 2017, explaining that due to her excessive absences, plaintiff would be subject to "separation from Federal service" if she did not return to work on a full-time basis by May 22, 2017. Id. ¶ 32. Plaintiff received this letter on May 15, 2017. Id. ¶ 35. Plaintiff responded to this letter on May 15, 2017, explaining that she was "on Temporary Total Disability (TTD) status through the Office of Workers Compensation Program (OWCP)" and provided her OWCP claim number. Id.

On May 11, 2017, defendant prepared a "post-separation review" letter sustaining plaintiff's termination. Id. ¶¶ 34–35. Plaintiff alleges she received this letter on May 17, 2017. Id. According to plaintiff, it was not until she received this letter that she "first learned that she had been singled out for retaliation for her prior EEO activities and that the previously identified 'deficiencies' and 'lapses' were not bona fide mistakes but mere pretexts and part of a pattern of deliberate and concerted efforts to conceal and cover up Defendant's illegal discriminatory and retaliatory actions." Id. ¶ 36. Plaintiff alleges that the defendants' conflicting letters were deliberately intended to confuse her and induce her "to delay initiation of an informal contact with the EEO counselor and to create a paper trail to defeat any further EEO challenge." Id. ¶ 41. And according to plaintiff, defendant was successful in confusing her because did not form "a reasonable suspicion of prohibited retaliation" until she received the May 11, 2017 letter. Id. ¶¶ 37, 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

Federal regulations provide that federal employees who believe they have been discriminated against must, prior to filing a complaint, contact an EEO counselor within 45 days of a matter alleged to be discriminatory or within 45 days of the effective date of a personnel action. 29 C.F.R. § 1614.105(a)(1). Plaintiff first contacted the V.A. Office of Resolution Management ("ORM") about her termination on June 30, 2017. Id. ¶ 37. William Winter, the assigned EEO Counselor, raised the issue of the timeliness of plaintiff's complaint, and asked her to address it in writing. Id. ¶ 38. On July 10, 2017, and July 28, 3017, plaintiff responded by stating that she was challenging the "11 May 2017 termination," and provided proof that she did not receive the May 11, 2017 letter until May 17, 2017. Id. ¶ 38. On July 28, 2017, Winter responded: "That's OK Marilyn – I can go by the information you have provided. . . take care. Bill." Id. ¶ 39. Plaintiff and Winter "subsequently had several other communications and efforts to resolve informally [plaintiff's] substantive claims," which left plaintiff "with the distinct impression that she had overcome the perceived issue of untimeliness to the satisfaction of Mr. Winter and the agency and that Mr. Winter closed the informal counseling because Plaintiff's grievance was not resolved to her satisfaction." Id. ¶ 40.

On October 3, 2017, plaintiff filed a formal discrimination complaint with the V.A. ORM asserting claims for disability discrimination, retaliation, failure to promote, failure to accommodate, and wrongful termination. Id. ¶ 42. Plaintiff alleges that more than 180 days have passed since defendant received plaintiff's formal complaint, and that defendant has failed to respond or issue a decision. Id. ¶ 43.

Based on the foregoing allegations, plaintiff asserts claims for (1) retaliation in violation of the Rehabilitation Act and the First Amendment; (2) disability discrimination in violation of the Rehabilitation Act; and (3) discrimination in denying reasonable accommodation in violation of the Rehabilitation Act.

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

### A. The Court's Previous Order

In his previous motion to dismiss plaintiff's supplemental complaint, defendant argued that plaintiff's claims were barred because she failed to exhaust her administrative remedies and file a civil action within the regulatory time limits. The Court explained that although federal regulations require a federal employee to participate in the EEO process by contacting an EEO counselor within 45 days of the discriminatory act or effective date of a personnel action, this time period may be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." MTD Order at 6 (quoting 29 C.F.R. § 1614.105(a)(2)). The Court also explained that the Equal Employment Opportunity Commission ("EEOC") advises agencies that they may extend the 45-day period if a complainant does not develop a reasonable suspicion of discrimination until after the effective date of a personnel action. Id. (citing Blair v. Department of Veterans Affairs, EEOC Appeal No. 01A55288, p.2 (Dec. 21, 2005)). The Court also noted that the 45-day time limit is also "subject to waiver, estoppel, and equitable tolling." Id. (quoting 29 C.F.R. § 1614.604(c)).

Plaintiff argued that she had timely invoked informal counseling because she contacted an EEO counselor within 45 days of her receipt of the letter sustaining her termination. However, the Court found that the effective date of her termination was not the day she received the May 11, 2017 post-separation review letter but rather the date that she received the April 27, 2017 termination letter which stated she would be separated upon receipt of that notification. MTD Order at 7. The Court thus found that plaintiff's claims, as alleged in the supplemental complaint, accrued on May 2, 2017, and that her claims were barred because she did not contact an EEO counselor within the 45-day time limit. Id. The Court explained that the complaint did not contain any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

allegations regarding whether plaintiff formed a reasonable suspicion of discrimination after the effective termination date, nor whether waiver, estoppel, or equitable tolling applied, and dismissed plaintiff's claims without prejudice.

### B. Whether Plaintiff's Claims are Barred

The first amended supplemental complaint adds several allegations which address the timeliness of plaintiff's EEO complaint. Namely, plaintiff alleges that she had no reason to believe that defendant's initial termination letter was retaliatory until she received the letter sustaining her termination despite having provided the defendant with proof that her nursing license had not lapsed. FSC ¶¶ 31, 36. Plaintiff also alleges that she was prevented from challenging her initial termination letter on a timely basis because defendant's conflicting letters regarding the status of her employment were confusing. Id. ¶ 41. Plaintiff also alleges that she believed she had addressed the EEO counselor's concern about the timeliness of her complaint because she submitted what she believed was evidence that her complaint was timely, and because the EEO counselor continued to have conversations with her about the substance of her complaint. Id. ¶ 40.

Defendant, nonetheless, renews his argument that plaintiff failed to exhaust her administrative remedies by failing to file an EEO complaint within 45 days of the effective date of her termination. Mot. at 6. With respect to plaintiff's new allegations, defendant argues that plaintiff cannot invoke equitable tolling because equitable tolling is "generally applied in situations 'where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Id. at 8 (quoting O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1112 (9th Cir. 2006)). According to defendant, plaintiff had actual knowledge of the EEO process because she previously engaged in that process, and thus had notice of the 45-day limitations period. Id. Defendant also asserts that plaintiff failed to allege facts demonstrating that a reasonable person would have been unaware of the existence of her claim until May 11, 2017. Id. Plaintiff's opposition, on the other hand, is almost entirely devoted to her argument that the timeliness of a claim is not properly adjudicated on a motion to dismiss, which the Court rejected in its previous order. MTD Order at 6–7 (". . . a motion to dismiss is appropriate when the facts pled in the complaint disclose the existence of an affirmative defense") (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:15-cv-00057-CAS-FFMx | Date | March 20, 2019 |
|---|---|---|---|
| Title | MARILYN GLADLE v. ROBERT MCDONALD | | |

Although plaintiff's opposition brief misses the mark, the Court is nonetheless unpersuaded by defendant's arguments. As a preliminary matter, the Court observes that defendant's argument about plaintiff's familiarity with the EEO process is misplaced because plaintiff does not allege that she was unaware of the 45-day timeline, but rather that the circumstances of her termination prevented her from learning about the retaliatory nature of defendant's actions until May 17, 2017, even though her employment was technically terminated on May 2, 2017. And as explained below, the Court finds that plaintiff's allegations, when construed in the light most favorable to her, would permit her to establish the timeliness of her EEO complaint. See Jablon, 614 F.2d at 682 ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."). Plaintiff has alleged facts supporting her contention that she had no reason to believe that defendant's initial letters were anything but technical glitches until she received the post-separation review letter that sustained her termination despite plaintiff's submission of proof that her nursing license had not lapsed and proof of her TTD status. See Blair, EEOC Appeal No. 01A55288, p.2 (finding that a complainant, despite being demoted in 2002, allegedly due to budgetary reasons, did not develop a reasonable suspicion of discrimination until the agency hired a new employee for his position in 2004). The conflicting messages plaintiff received from defendant between May 2, 2017 and May 17, 2017 regarding the status of her employment also plausibly deterred her from filing an EEO complaint within the 45-day time frame because it was not clear until May 17, 2017 that her employment was actually terminated. Accordingly, the Court finds that the issue of whether plaintiff failed to exhaust administrative remedies by failing to contact an EEO counselor in a timely manner is better resolved on a more developed factual record.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendant's motion to dismiss.

IT IS SO ORDERED.

                                                                             00 : 00

Initials of Preparer                  CMJ