UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(JCx) | Date | November 16, 2020 |
|---|---|---|---|
| Title | MARILYN GLADLE v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicolette Glazer | Matthew Barragan, AUSA |

**Proceedings:** SECRETARY'S MOTION IN LIMINE (Dkt. 140, filed October 19, 2020)

## I. INTRODUCTION

Plaintiff Marilyn Gladle ("Gladle") filed this action on January 5, 2015, against various defendants including the United States Department of Veterans Affairs ("the VA"), the VA's Secretary, and several of the VA's employees. Dkt. 1. Gladle's Fifth Amended Complaint asserts her sole surviving claim: for denial of a reasonable disability accommodation during an earthquake drill conducted by the VA, in violation of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). See Dkt. 36 ("FAC"). Trial is this matter is currently scheduled to begin on March 23, 2020.

On October 19, 2020, the Secretary filed a motion in limine seeking to preclude the introduction of any evidence related to back pay to the jury. Dkt. 140 ("MIL"). Gladle filed an opposition on November 6, 2020. Dkt. 146 ("Opp'n").

The Court held a hearing on November 16, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-cv-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:15-cv-00057-CAS(JCx) | Date | November 16, 2020 |
|---|---|---|---|
| Title | MARILYN GLADLE v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL. | | |

necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (internal citation omitted).

### III.   DISCUSSION

**A. The Secretary's Motion in Limine**

The Secretary seeks "an order precluding [Gladle] from introducing at trial any evidence relating to back pay." MIL at i. Specifically, the Secretary explains that Gladle "seeks back pay from the date of the alleged discrimination minus the payment she received as part of her Office of Workers Compensation Program ("OWCP") disability benefits case," which is an equitable remedy that presents "an issue for the Court, not the jury" under the Ninth Circuit's ruling in Lutz v. Glendale High School, 430 F.3d 1061 (9th Cir. 2005). Id. at 1-2. As such, the Secretary argues that, should the jury determine he is liable, "an appropriate amount of back pay, if any, must be determined by this Court following a subsequent evidentiary hearing." Id. at 1. Gladle agrees with the Secretary that the Ninth Circuit's holding in Lutz that there "is no right to a jury to determine the appropriate amount of back pay under Title VII" is dispositive and warrants excluding evidence related to back pay from the jury. Opp'n at 1.

The Rehabilitation Act expressly incorporates the remedies available under the Americans with Disabilities Act, 29 U.S.C. § 794(a), which in turn expressly incorporates the remedies available under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a) (incorporating Title VII remedies at 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9). Title VII authorizes the Court to "order such affirmative action as may be appropriate, which may include, but is not limited to . . . back pay . . . or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1). As such, because the Seventh Amendment right to a jury trial extends only to "[s]uits at common law," the Ninth Circuit held in Lutz that "there is no right to have a jury determine the appropriate amount of back pay under Title VII, and thus the ADA, even after the Civil Rights Act of 1991. Instead, back pay remains an equitable remedy to be awarded by the district court in its discretion." 403 F.3d at 1067, 1069. That holding applies with equal force to claims for back pay under the Rehabilitation Act. Id. ("Because the Rehabilitation Act, like the ADA, incorporates Title VII's back pay remedy, [plaintiff] is not entitled to a jury trial on her back pay claim under that act." (internal citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-00057-CAS(JCx) | Date | November 16, 2020 |
|---|---|---|---|
| Title | MARILYN GLADLE v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL. | | |

Here, the parties agree that Lutz is controlling and prohibits the jury from considering the amount of back pay that Gladle is entitled to, if any. Accordingly, the Court **GRANTS** the Secretary's motion in limine to the extent that Gladle seeks to admit to the jury evidence of the amount of back pay she seeks under the Rehabilitation Act. To the extent that Gladle is entitled to back pay, the Court will determine the appropriate amount at an evidentiary hearing following the jury trial.

### B. FECA Preemption

The Secretary's motion further contends that "to the extent that [Gladle] intends to seek damages based on on-the-job physical injuries," her claim is preempted by the Federal Employees' Compensation Act ("FECA") because "the workers compensation scheme established by FECA is the exclusive remedy for an injury within the scope of the statute." MIL at 3-4. In opposition, Gladle states that she is not seeking compensatory damages stemming from her on-the-job physical injuries. Opp'n at 2. Gladle further argues that the Secretary improperly seeks to renew a summary judgment argument that "some or all of Ms. Gladle's damages are not recoverable because of FECA." Id.

While the Court indicated in its tentative order that it was uncertain whether the Secretary was advancing the position that FECA preempts damages stemming from Gladle's operative disability discrimination claim, the Secretary clarified at the hearing that he does not contend that Gladle's discrimination claim is barred by FECA. During the hearing, the Secretary stated that because Gladle has disclaimed that she is seeking damages stemming from on-the-job physical injuries, the Secretary agrees that FECA does not preempt Gladle's claim for damages pursuant to the Rehabilitation Act.

The Court agrees that insofar as Gladle is seeking damages stemming from unlawful disability discrimination, that claim for damages pursuant to the Rehabilitation Act is not preempted by FECA. "FECA compensates federal employees for certain lost wages and medical costs that are incurred as a result of "injury" sustained in the performance of their duties" which is defined to include "[1] injury by accident, [2] a disease proximately caused by employment, and [3] damage to or destruction of medical braces, artificial limbs, and other prosthetic devices...." Nichols v. Frank, 42 F.3d 503, 514 (9th Cir. 1994) (quoting 5 U.S.C. § 8101(5)), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998). Here, Gladle's only claim is that she has been injured within the meaning of the Rehabilitation Act because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(JCx) | Date | November 16, 2020 |
| Title | MARILYN GLADLE v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL. | | |

she was subjected to unlawful disability discrimination during the earthquake drill. As such, the harm for which Gladle now seeks compensatory damages is loss due to having been subject to intentional disability discrimination, which—unlike a physical injury—is "*not* an 'injury within the meaning of FECA." See Nichols, 42 F.3d at 515 (emphasis in original). That is because discrimination is not an "injury by accident," a "disease," or damage to a covered medical device. See Id. ("Because the district court's award compensated [plaintiff] solely for the harm she suffered from sex discrimination—which is not an "injury" within the meaning of FECA—the exclusivity provisions are not applicable to this case.").

A number of courts considering claims for disability discrimination brought by federal employees have concluded that FECA does not preempt claims for discrimination pursuant to the Rehabilitation Act. For example, the court in Fowler v. Potter, following Nichols, concluded that a postal employee suffering from asthma who had previously received OWCP benefits was not barred by FECA from pursuing claims pursuant to the Rehabilitation Act for failure to accommodate her disability and failure to engage in the interactive process. No. C 06-04716 SBA, 2008 WL 2383073, at *11 (N.D. Cal. June 9, 2008) (the "weight of authority … holds that recovery of FECA benefits does not bar a subsequent claim for discrimination"); see also Karnes v. Runyon, 912 F. Supp. 280, 285 (S.D. Ohio 1995) (considering claims for disability and pregnancy discrimination and concluding that "FECA does not preclude recovery for injuries caused by illegal discrimination"); Latham v. Brownlee, No. CIVASA03CA0933FBNN, 2005 WL 578149, at *6 (W.D. Tex. Mar. 3, 2005) (damages flowing from "defendant's failure to make reasonable accommodation for plaintiff's disability," as opposed to "an on-the-job injury" were not barred by FECA); Carroll v. Holder, No. CIV. 09-3093-CL, 2011 WL 7091804, at *24 (D. Or. Sept. 30, 2011), report and recommendation adopted, No. CIV. 09-3093-CL, 2012 WL 214599 (D. Or. Jan. 24, 2012) (FBI Agent's Rehabilitation Act claims for age and disability discrimination were not preempted by FECA because she "allege[d] harm as the result of purposeful discrimination by the government" and "d[id] not seek compensation for either her disabling physical condition or for a psychological injury resulting therefrom."). Accordingly, FECA does not bar Gladle from seeking compensatory damages pursuant to the Rehabilitation Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00057-CAS(JCx) | Date | November 16, 2020 |
| Title | MARILYN GLADLE v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **GRANTS** the Secretary's motion in limine to the extent that Gladle seeks to admit to the jury evidence of the amount of back pay she seeks under the Rehabilitation Act.

   IT IS SO ORDERED.

   　　　　　　　　　　　　　　　　　　　　　　　　　　00  :  15
   　　　　　　　　　　　Initials of Preparer　　　　CMJ